IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | |
| PUBLIC SCHOOL EMPLOYEES' | : | CIVIL ACTION |
| RETIREMENT SYSTEM and | : | |
| PENNSYLVANIA MUNICIPAL | : | |
| RETIREMENT BOARD, | : | |
|     Plaintiffs, | : | |
| | : | |
|     v. | : | |
| | : | |
| CITIGROUP, INC., et al., | : | No. 11-2583 |
|     Defendants. | : | |

## MEMORANDUM

Schiller, J.                                                                               May 20, 2011

The Commonwealth of Pennsylvania Public School Employees' Retirement System ("PSERS") and the Pennsylvania Municipal Retirement Board ("PMRB") brought this action in the Philadelphia County Court of Common Pleas to recover damages they allege resulted from Citigroup's undisclosed exposure to mortgage-backed securities. Defendants removed, arguing that neither Plaintiff is an arm of the state for jurisdictional purposes. Plaintiffs' motion to remand is presently before the Court. For the reasons that follow, the Court will grant the motion.

**I.     BACKGROUND**

PSERS is a defined benefit pension fund that manages assets for public school employees. (Notice of Removal Ex. A-1 [Compl.] ¶ 11.) PMRB administers over 900 pension plans for Pennsylvania municipalities and their employees. (*Id.* ¶ 13.) PSERS and PMRB both invested in Citigroup securities between January 1, 2004 and January 15, 2009. (*Id.* ¶¶ 12, 14.) However, they were unaware of Citigroup's exposure to mortgage-related assets, including subprime and residential

mortgage-backed securities. (*Id*. ¶ 2.)

Plaintiffs' investments decreased in value after Citigroup's exposure to mortgage-backed securities nearly destroyed the company in 2008. (*Id*. ¶¶ 5-6.) Plaintiffs subsequently brought this action in state court in February of 2011 against Defendants including Citigroup, its holding company, and various current and former Citigroup employees. (*Id*. ¶¶ 15-27.) Plaintiffs' Complaint brings claims for violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933, violations of the Pennsylvania Securities Act, negligence, unjust enrichment, and fraud.

Plaintiffs named other Defendants in the state-court action, including KPMG. (See Notice of Removal ¶ 4.) KPMG is a citizen of Pennsylvania. (*Id*.) Plaintiffs dismissed their claims against KPMG and various other Defendants without prejudice on April 12, 2011. (*Id*.) The remaining Defendants are citizens of Florida, New York and New Jersey. (*Id*. ¶ 8.) Defendants filed a notice of removal on April 15, 2011. That same day, Defendants also filed a notice with the Clerk of the Judicial Panel on Multidistrict Litigation requesting transfer to Multidistrict Litigation No. 2070, *In re Citigroup Inc., Securities Litigation*, currently pending in the Southern District of New York.

Plaintiffs' motion to remand followed on April 22, 2011. Plaintiffs also seek fees and costs that they have incurred as a result of removal.

## II. STANDARD OF REVIEW

District courts have jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A state-court defendant may remove a case if the plaintiff could originally have brought the action in federal court. 28 U.S.C. § 1441(a). The removing defendant bears the burden of establishing jurisdiction. *Boyer v. Snap-On Tools*

*Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). District courts construe the removal statutes strictly, resolving all doubts in favor of remand. *Id*.

## III. DISCUSSION

A state's "arm or alter ego" is not a "citizen" within the meaning of § 1332. *Moor v. Alameda Cnty.*, 411 U.S. 693, 717-18 (1973); *see also Harris v. Pa. Tpk. Comm'n*, 410 F.2d 1332, 1333 n.1 (3d Cir. 1969). Plaintiffs assert that they are state entities not amenable to diversity jurisdiction. The Third Circuit applies a three-part test to determine whether a state agency is a state's alter ego, examining: (1) whether the state would be liable for a judgment against the agency; (2) the agency's status under state law; and (3) the agency's autonomy. *Fitchik v. N.J. Transit Rail Operations, Inc.*, 873 F.2d 655, 659 (3d Cir. 1989). Examining these factors in this case, the Court concludes that Defendants have failed to demonstrate that PSERS is not an arm of the state.[1]

### A.  PSERS's Financial Interest in the Case

When a state agency is a Defendant, courts have recognized that the most important element of the *Fitchik* analysis is whether a judgment would be paid out of the state treasury. *See, e.g., Christy v. Pa. Tpk. Comm'n*, 54 F.3d 1140, 1145 (3d Cir. 1995) (citing *Fitchik*, 873 F.2d at 659). However, the funding analysis is ill-suited to address litigation in which a state agency is a plaintiff. *N.J. Dep't of Envtl. Protection v. Nestle USA, Inc.*, Civ. A. No. 06-4025, 2007 WL 703539, at *2 n.2 (D.N.J. Mar. 2, 2007); *Pa. Human Relations Comm'n v. USAir, Inc.*, 615 F. Supp. 75, 77 (W.D.

---

[1] Because PSERS's status as an alter ego of the state bars the Court from exercising diversity jurisdiction, it need not consider whether PMRB is also an arm of the state. *See, e.g., W.V. Inv. Mgmt. Bd. v. Variable Annuity Life Ins. Co.*, Civ. A. No. 09-1335, 2010 WL 2944847, at *4 (S.D. W. Va. July 26, 2010) (noting that court was required to remand action if either of two plaintiffs was an arm of the state).

Pa. 1985). In cases involving state agency plaintiffs, courts have looked instead to whether any recovery by the entity inures to the state's benefit. *Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 262 (4th Cir. 2005) (citing *Mo., Kan., & Tex. Ry. v. Hickman*, 183 U.S. 53, 59 (1901)); *W.V. Inv. Mgmt. Bd. v. Residential Accredited Loans, Inc.*, Civ. A. No. 10-461, 2010 WL 3418314, at *3 (S.D. W. Va. Aug. 26, 2010); *see also Christy*, 54 F.3d at 1146 (characterizing state's financial stake as an "interest that would be directly . . . affected by the diminution of the funds in question.").

Defendants assert that Pennsylvania "has no financial interest in the assets of plaintiffs' funds and no interest whatsoever in any potential recovery" in this action. (Defs.' Mem. of Law in Opp'n to Pls.' Mot. to Remand [Defs.' Opp'n] 5.) This is not the case. Pennsylvania guarantees the maintenance of PSERS's reserve fund and its payment of interest charges, annuities and other benefits. 24 Pa. Cons. Stat. § 8531. The state also must appropriate funds from Pennsylvania's General Fund if PSERS's annual earnings do not exceed five and one-half percent, less administrative expenses and earnings credited to the system. *Id.* § 8521(b).

PSERS's financial condition thus implicates the state's obligation to fund its commitment. Pennsylvania has undertaken to pay many of the PSERS's debts through its commitment to keep PSERS solvent. *Cf. Fitchik*, 873 F.2d at 662 (noting that New Jersey's lack of obligation to pay defendant rail system's debts weighed against defendant's status as arm of state entitled to sovereign immunity). The state's exposure to agency debts also suggests that PSERS is an arm of the state.

The Third Circuit's decision in *Blake v. Kline* does not impact this analysis. The *Blake* court examined whether PSERS's governing board ("PSERB") was an alter ego of the state. 612 F.2d 718, 722 (3d Cir. 1979). The PSERB appeared in *Blake* as a defendant and the court evaluated its status in the context of its motion to dismiss on Eleventh Amendment grounds. *Id.* at 722. Vacating

4

the district court's judgment in PSERB's favor, the Third Circuit expressed doubt as to whether the language of § 8531 provided a sufficient basis to determine whether payment of the judgment in that case might be paid from the state treasury. *Id*. at 723. In this case, the positions — and burdens — are reversed. Defendants have not shown that Pennsylvania lacks a financial interest in this case. On the contrary, Pennsylvania's statutory obligation to the system weighs in favor of remand.

### B. PSERS's Status Under State Law

Consideration of an agency's status under state law invites examination of: (1) how state law treats the agency generally; (2) whether the agency is separately incorporated; (3) whether the agency can sue or be sued in its own right; and (4) whether it is immune from state taxation. *Cooper v. Se. Pa. Transp. Auth.*, 548 F.3d 296, 306-07 (3d Cir. 2008). State law's treatment of PSERS, on the whole, does not support Defendants' position.

PSERS is run by an independent administrative board within the Pennsylvania government, and enjoys the "power and privileges of a corporation." 24 Pa. Cons. Stat. §§ 8501(a) and (e). It is not separately incorporated. *Id*. § 8501(e). It has some authority to hire its staff. *Id*. § 8502(b). However, the Pennsylvania Office of General Counsel must serve as its legal advisor. *Id*. § 8501(e).

In addition, its fifteen-member board must include the state's secretary of education, the state treasurer, two state senators, two state representatives, and two members appointed by the governor. *Id*. § 8501(a). The state treasurer also serves as custodian of PSERS's funds. *Id*. § 8521(c). PSERS's board must submit a budget for the system's administrative expenses to the state General Assembly for approval. *Id*. § 8502(c). Contributions to PSERS from its members are exempt from state and municipal taxes. *Id*. § 8533(a). The Pennsylvania State Insurance Department supervises the system's fund and ledger accounts. *Id*. at § 8532.

Defendants assert that state law generally treats PSERS as an independent entity. (Defs.' Opp'n 6.) They do not, however, address PSERS's lack of independent corporate existence or the role state officials play in the system's operations. Defendants' arguments thus do not carry the day with respect to the second *Fitchik* factor.

### C. PSERS's Autonomy

Defendants contend that PSERS enjoys significant autonomy under state law because it has "exclusive control and management" of its funds and may hold property and transact business in its own name. (Defs.' Opp'n 7.) Defendants do not address limitations on PSERS's ability to operate independently, including the structure of its board and statutory directives regarding its investments.

Ten members of PSERS's fifteen-member board are state officials or appointed by the state governor. *Cf. Cooper*, 548 F.3d at 309 (noting that a transit system whose fifteen-member board featured five state-appointed members enjoyed some autonomy); *see also Mo. State Emps' Ret. Sys. v. Credit Suisse*, Civ. A. No. 09-4224, 2010 WL 318652, at *6 (W.D. Mo. Jan. 21, 2010) (concluding that state-controlled "independent board" was an arm of the state where the board was controlled by state officials and was subject to reporting and auditing requirements). The system's funding is contingent on the approval of the state General Assembly and its legal advisor is a state official. PSERS is thus subject to a great degree of state influence and control.

Indeed, a state statute specifically limits PSERS's discretion to make certain investments. 24 Pa. Cons. Stat. § 8527. This provision requires PSERS's board to take certain precautions with respect to investments in companies doing business in or with Northern Ireland. *Id*. Specifically, PSERS must ensure that its investment policy in this arena "shall reflect the advances made by the institutions in eliminating discrimination" as outlined by the statute. *Id* § 8527(c). This exercise

6

of state control over PSERS's investment discretion suggests the system is not autonomous.

Pennsylvania's financial interest in the outcome of this case, PSERS's status under state law, and the system's lack of autonomy all indicate that PSERS is an arm of the state for jurisdictional purposes. Defendants have not carried their burden to demonstrate otherwise. Their failure to demonstrate the existence of removal jurisdiction warrants remand.

### D. Plaintiffs' Fees and Costs

Plaintiffs seek fees and costs under 28 U.S.C. § 1447 on the basis that Defendants had no reasonable basis to remove this action. (Mot. to Remand 16.) Such awards are only appropriate if the defendant lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Though unsuccessful, Defendants' removal attempt did not lack a reasonable basis. *See Clerk v. Emerald Mktg.*, Civ. A. No. 10-1201, 2010 WL 2267251, at *3 (E.D. Pa. June 2, 2010). The Court therefore declines to award fees and costs.

## IV. CONCLUSION

Defendants failed to show that PSERS is not an arm of the state. The Court will therefore remand this case. The Court will not, however, award Plaintiffs fees and costs incurred by removal. An Order consistent with this Memorandum will be docketed separately.